Tuhley J.,
delivered the opinion'of the court.
On the 24th day of March, 1845, Elizabeth Willis, a single woman, of the county of Washington, declared on oath before-Samuel Greer, a justice of the peace for said county, that she was delivered on the 14th day of November, 1844, in said county, of a bastard male child, and that Valentine Irwin was the father thereof. Upon which said justice issued a warrant for the apprehension of said Irwin, which was duly executed and returned. Whereupon he appeared before the justice and *16 entered into recognizance for his appearance at the next term of the county court at Washington, to answer said charge according to law.
At the April term of said court, the defendant filed his affidavit, stating in substance that the charge was untrue, and that he was not the father of said bastard child, and asking an issue to try the fact, which was allowed him.
At the July term, 1845, the county court tried the issue upon proof, and adjudged thereon that he, Valentine Irwin, was the father of the child, that he should be charged with the main-tainance thereof, and enter into recognizance for the maintainance, and to keep it from becoming chargeable upon the county, in the penal sum of five hundred dollars.
From which judgment the defendant appealed to the next term of the circuit c.ourt for the county of Washington, entering into recognizance with security for his appearance at said court.
At the October term, 1846, of the circuit court aforesaid, the defendant appeared and the issue was tried by the circuit judge, and found against him, and the judgment of the county court affirmed. Whereupon the court proceeded to adjr ’ that the defendant should pay to Elizabeth Willis, the mother of the child for its maintainance, the sum of forty dollars for the first year, thirty dollars for the second year, leaving the allowance for the third year open; commencing on the 14th November, 1824, and ending on the 14th November, 1847, and that he should enter into bond and security to keep the child from becoming a charge upon the county.
From all which the defendant appeals to this court. In. argument in support of the appeal, it is contended: 1st, That the justice of the peace should have adjudged that the defendant was the reputed father of the child before he recognized-him to appear at the county court to answer for the same.
*17 This, in our opinion, was not necessary. The 10th section of the act of 1741, chap. 14, provides, “that when a woman shall-, upon oath before a justice, accuse any man of being the father of a bastard child, begotten of her body, such person so accused, shall be adjudged the reputed father, and stand charged with the maintainance of the same, as the county court may direct.” Upon the affidavit then, the law adjudges the fact, and there was no necessity for the justice to adjudge it. 2d. It is urged with earnestness that the issue made up to try the question of paternity, should from the weight of proof have been found in favor of the defendant. We do not think so; but on the contrary, that it well warranted the finding, both by the county and circuit court against him. But we furthermore think that the county court is the only tribunal authorized by law to assess the amount of allowance to the mother, for the maintainance of bastard children. This authority is given expressly to this court by the act of 1741, chap. 14, and 1822, chap. 29, and is no where given to any other. We then think that the circuit judge erred in attempting to make such assessment to supply the omission. Reverse the judgment.